**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-4141

JOSEPH GORRELL PIERCE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-250)

Submitted: September 30, 1999

Decided: October 8, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Gorrell Pierce pleaded guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 924(g) (West Supp. 1999), and was sentenced to twenty-seven months in prison. Pierce appeals his sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred when it denied Pierce's motion for a downward departure but stating that, in his view, there are no meritorious grounds for appeal. Pierce was advised of his right to file a pro se supplemental brief, but has not filed a brief. Having thoroughly reviewed the record in accordance with Anders and finding no merit in the argument raised by counsel, we affirm.

Pierce was convicted in 1985 of conspiracy to use explosives to damage or destroy buildings in interstate commerce. He was sentenced to forty-two months in prison for this offense. Subsequently, in 1995 Pierce purchased a Ruger .45 caliber revolver.

Pierce pleaded guilty to being a felon in possession of a handgun. His probation officer calculated an offense level of 17 and a criminal history category of II, with a resulting guideline range of 27-33 months. Pierce moved for a downward departure on the basis that he purchased the revolver in the good-faith belief that his right to possess a firearm had been reinstated. The district court denied the motion, finding that the facts warranted a sentence at the low end of the guideline range but did not remove this case from the heartland of similar cases.

A district court's decision not to grant a motion for downward departure is not reviewable on appeal unless the court erroneously believed that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Here, the district court clearly recognized its authority to depart, but found it inappropriate to do so. Therefore, Pierce's claim lacks merit.

2

As required by <u>Anders</u>, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by the record, and conclude that there are no non-frivolous grounds for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari. If counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on his client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3